UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY POOLER (#118165)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ROSIE GRADNEY, ET AL.** | **NO. 14-0173-JJB-RLB** |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on July 28, 2015.

    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TERRY POOLER (#118165)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ROSIE GRADNEY, ET AL.** | **NO. 14-0173-JJB-RLB** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Partial Summary Judgment of defendants Montria Allen, Todd Barrere, Rosie Gradney, Kirt Gurein, Eric Hinyard and Connie Tillman (R. Doc. 25). This motion is opposed.

The *pro se* plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against numerous correctional officers employed at EHCC, complaining that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs, specifically by assigning him to work that violated both his medical duty status and his physical limitations and that resulted in his sustaining injury.[1]

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent administrative remedy proceedings, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to

---

1. Defendant Eric Hinyard has been dismissed pursuant to a motion filed by the plaintiff. *See* R. Docs. 24 and 58. Accordingly, the participation of defendant Eric Hinyard in the instant motion shall be disregarded by the Court.

judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

As pertinent to the instant motion, the plaintiff alleges in his Complaint that he was assigned to work in the Garment Factory at EHCC in June, 2013, notwithstanding that he had a

duty status that he believed made such work inappropriate. The plaintiff further alleges that he showed his written duty status to prison officials at the Garment Factory, but they disregarded the plaintiff's limitations and assigned him to work as a sewing machine operator. According to the plaintiff, he thereafter sustained injury when a sewing machine needle went through a finger on his left hand on October 15, 2013, allegedly causing permanent nerve damage. Finally, the plaintiff alleges that he was re-assigned to work in the EHCC kitchen in January, 2014, and he complains that the assigned work at that location was also beyond his abilities in light of his medical limitations and limited duty status. Although the plaintiff allegedly complained to prison officials about that work assignment, including specifically defendant Kirt Gurein, the plaintiff asserts that he was nonetheless made to work at that location for a period of time and allegedly sustained further injury.

Initially, the Court agrees with the defendants that the plaintiff's claims asserted against the defendants in their official capacities should be dismissed. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant seeking to recover monetary damages against a state official acting in an official capacity, specifically because such an official is not seen to be a "person" subject to liability within the context of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in an official capacity for monetary damages is treated as a claim asserted against the state and is therefore barred in federal court by virtue of the Eleventh Amendment to the United States Constitution. *Id.* at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal, and the defendants'

motion for partial summary judgment should be granted in this respect. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their *individual* capacities remains viable because a claim for monetary damages asserted against a state official in an individual capacity, seeking to impose personal liability for actions taken by the official under color of state law, is not treated as a suit against the state. *Id.*[2]

Turning to a consideration of the plaintiff's claims asserted against the defendants in their individual capacities, the Court next concludes that the defendants' motion should be granted and that the plaintiff's claims asserted against defendant Kirt Gurein should be dismissed. Specifically, the Court agrees with the defendants that the plaintiff has failed to exhaust administrative remedies relative to this defendant as mandated by 42 U.S.C. § 1997e. Pursuant to that statute, the plaintiff was required to exhaust available administrative remedies relative to his claims prior to commencing a civil action in this Court with respect to prison conditions.[3] This provision is mandatory and applies broadly to "all inmate suits about prison life". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with

---

2. The plaintiff's Complaint also includes a claim for declaratory and injunctive relief, and such a claim asserted against a state official in an official capacity is not prohibited under the Eleventh Amendment, specifically because such a claim is not seen to be a claim asserted against the state. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 *Am. Jur. 2d Civil Rights* § 101.

3. 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"  *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525.  Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.  *Id.*

Upon a review of the plaintiff's pertinent administrative grievance, *i.e.,* the grievance that he filed relative to the claims asserted in this proceeding, the Court concludes that the defendants' motion is well-taken and that the plaintiff's claim asserted against defendant Gurein should be dismissed as unexhausted.  Specifically, it appears that the plaintiff submitted the referenced grievance to prison officials on or about November 5, 2013, and complained therein of his assignment to work in the prison Garment Factory in June, 2013, of the alleged impropriety of that assignment in light of his medical duty status, and of having sustained injury at the Garment Factory on or about October 15, 2013.  The plaintiff includes no reference whatever in the referenced grievance to his alleged re-assignment to duties in the EHCC kitchen in January, 2014, or to any failure by defendant Gurein to honor the plaintiff's duty status at that new location.  Accordingly, there is nothing in the plaintiff's grievance that would have placed prison officials on notice that he was attempting to assert a claim against defendant Gurein or a claim relative to work duties in the EHCC kitchen.  In fact, the plaintiff had not yet even been assigned to the EHCC kitchen when he submitted the referenced grievance in November, 2013.  The plaintiff's grievance, therefore, failed to "provide administrators with a fair opportunity under the circumstances to address the problem" now presented before this Court relative to defendant Gurein.  *See Johnson v. Johnson, supra*, 385 F.3d at 517.  Accordingly, the Court

finds that the plaintiff has failed to properly exhaust administrative remedies relative to this defendant in accordance with 42 U.S.C. § 1997e, and defendant Gurein is entitled to summary judgment in connection with the plaintiff's claims.

## RECOMMENDATION

It is recommended that the Motion for Partial Summary Judgment of defendants Montria Allen, Todd Barrere, Rosie Gradney, Kirt Gurein, Eric Hinyard and Connie Tillman (R. Doc. 25) be granted, dismissing the plaintiff's claims asserted against the defendants in their official capacities and dismissing the plaintiff's claims asserted against defendant Kirt Gurein, without prejudice, for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on July 28, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**