UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY POOLER (#118165)**

**VERSUS**

**ROSIE GRADNEY, ET AL.**

CIVIL ACTION

NO. 14-173-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 23, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY POOLER (#118165)

VERSUS

ROSIE GRADNEY, ET AL.

CIVIL ACTION

NO. 14-173-JJB-RLB

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendants (R. Doc. 93). The Motion is opposed. *See* R. Doc. 97.[1]

The *pro se* plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against numerous EHCC correctional officers, complaining that the defendants violated the plaintiff's constitutional rights through deliberate indifference to his serious medical needs, specifically by assigning him to work that violated both his medical duty status and his physical limitations, resulting in an injury to his finger.[2]

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's medical records previously filed of record, the affidavits of defendants Rosie Gradney, Betty Johnson, Todd Barrere, Flyod Knox, Connie Tillman, Donna Hinyard, and Montria Allen, the affidavit of Kirt Guerin, and certified copies of

---

[1] While R. Doc. 97 is not labeled as an opposition to the defendants' Motion for Summary Judgment, the document clearly addresses the arguments presented in the defendants' Motion and will be treated as an opposition by the Court.

[2] Defendant Eric Hinyard was previously dismissed pursuant to a motion filed by the plaintiff. *See* R. Docs. 24 and 58. Pursuant to a previous report by the Magistrate Judge (R. Doc. 95), adopted by the District Judge on September 9, 2015 (R. Doc. 98), the plaintiff's claims for monetary damages against the defendants in their official capacities were dismissed, as were the plaintiff's claims against defendant Kirt Gurein, for failure of the plaintiff to exhaust his administrative remedies as mandated by 42 U.S.C. § 1997e. Since defendant Gurein has been dismissed as a defendant, his participation in the instant motion shall be disregarded by the Court.

the plaintiff's pertinent administrative remedy proceeding  ("EHCC-2013-1211"), Reclassification Board records for June 6, 2013, an Unusual Occurrence Report dated October 15, 2013, the plaintiff's location sheet, the EHCC Duty Status Policy #400-A07, machine safety training records, and pictures of the EHCC garment factory.  The plaintiff opposes the defendants' Motion relying on the pleadings, the affidavits of Mark Miller, Kareem Rogers, and Harold Judice previously filed of record, the affidavit of Cecil Whittington, and portions of an administrative remedy proceeding bearing case number "EHCC-2014-75."

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc*., *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden

of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra,* 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir.1991).

In his Complaint, as amended, the plaintiff alleges that while working on the "Road Crew" in April of 2012, he fell on a weed-eater and sustained an injury to his left shoulder. On April 24, 2012, he was assigned a duty status of regular duty with restrictions, which included, "Avoid use of left arm…" Thereafter, defendants Ass't Warden Barrere and Col. Johnson served on a Reclassification Board, and assigned the plaintiff to work in the garment factory in violation of his duty status.

The plaintiff further alleges that upon appearing for work at the garment factory, his duty status was ignored by defendants Manager Gradney, Ass't Supervisor Tillman, Sgt. Hinyard, and Lt. Allen, resulting in him being assigned to operate a faulty sewing machine without being properly trained and being forced to perform work which exceeded his physical limitations. The plaintiff alleges that as a result of the defendants' disregarding his duty status, he was injured on October 15, 2013 when a needle from the sewing machine he was operating went through his finger, causing permanent nerve damage. The plaintiff further alleges that, on January 31, 2014, he was reclassified to the Unit 2 kitchen where defendant Sgt. Knox ignored his duty status and assigned him to pull food carts that weighed in excess of two hundred pounds, causing further injury to his shoulder and recently injured hand.

The defendants first assert that the plaintiff failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e, relative to his claims against defendant Knox regarding his job assignment in the Unit 2 kitchen beginning on January 31, 2014.  Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[3]  This provision is mandatory and applies broadly to "all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"  *Johnson v. Johnson*, supra, 385 F.3d at 516, quoting *Porter v. Nussle*, supra, 534 U.S. at 525.  Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.  *Id.*

The defendants assert that the plaintiff filed an ARP "EHCC-2013-1211", which was denied at the First Step on January 6, 2014, and denied at the Second Step on March 7, 2014.  Therein the plaintiff complains only of a violation of his duty status by being assigned to work in the garment factory.  He does not complain therein regarding his job assignment in the Unit 2 kitchen.  *See* R. Doc. 93-3, p. 4-5.

---

[3] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In response, the plaintiff has produced copies of portions of an administrative grievance proceeding ("EHCC-2014-75"), wherein the plaintiff complains regarding the violation of his duty status due to his job assignment in the Unit 2 kitchen. While defendant Knox is specifically mentioned therein, the ARP was denied at the First Step on July 15, 2014, and denied at the Second Step on August 19, 2014. The plaintiff's Complaint was filed on March 24, 2014, prior to the time the plaintiff exhausted his administrative remedies regarding his claims against defendant Knox. Pre-filing exhaustion is mandatory, and the Court has no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. Exhaustion achieved during the pendency of the federal proceeding is not relevant. *See Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012). As such, the defendants are entitled to summary judgment on the plaintiff's claims against defendant Knox, and these claims should be dismissed without prejudice.

The defendants next respond by contending that they are entitled to qualified immunity in connection with the plaintiff's claim. Specifically, the defendants contend that the evidence will show that the defendants did not in fact violate the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a

constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann*, *supra*, 422 F.3d at 262.2

Undertaking the qualified immunity analysis as to the plaintiff's claim of Eighth Amendment deliberate indifference, the Court finds that the defendants' motion should be granted. Specifically, the Court finds that the summary judgment evidence fails to establish deliberate indifference on the part of any defendant.

A prisoner can establish an Eighth Amendment violation only if he shows that the defendant prison official acted with deliberate indifference. A corrections officer acts with deliberate indifference only if he knows that the inmate faces a substantial risk of serious bodily harm and disregards that risk by failing to take reasonable measures to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Deliberate indifference may be shown by an assignment to a work detail which the prison officials know will exacerbate a serious physical ailment. *Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993), *citing Jackson v. Cain*, 864 F.2d 1234, 1246 (5th Cir. 1989). In order to maintain an Eighth Amendment deliberate indifference claim, the plaintiff must show that the defendant prison official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference; an official's failure to alleviate a significant risk which he should have perceived, but did not, while "no cause for commendation," cannot be condemned as the infliction of punishment. *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994).

The uncontroverted summary judgment evidence shows that the plaintiff was assigned to work in the garment factory in order to accommodate his duty status. Offenders who have a restrictive duty status are frequently sent to work in the garment factory, as there are numerous jobs that can be performed by them. The garment factory is considered to be a "good job" which allows inmates to earn incentive wages, sit down for most of the day, eat snacks provided by Prison Enterprises, and work in a climate-controlled environment. *See* Affidavit of Todd Barrere (R. Doc. 93-7, p. 7-9).

Offenders who work in the garment factory make jeans for all DOC prisoners and for other entities throughout the state. There are approximately 28 steps in production, and each offender completes a particular part of production. The plaintiff was assigned to top stitch the back pocket using a double needle machine. *See* Affidavits of Rosie Gradney (R. Doc. 93-7, p. 1-4) and Connie Tillman (R. Doc. 94, p. 3-6). Offenders who work in the garment factory receive on the job training by sitting next to other inmates with more experience and observing the proper techniques for operating the machines. *See* the affidavits of Connie Tillman (R. Doc. 94, p. 3-6), and the affidavits of inmates Mark Miller (R. Doc. 39, p.1), Kareem Rogers (R. Doc. 39, p. 2), Harold Judice (R. Doc. 39, p. 3), and Cecil Whittington (R. Doc. 97, p. 5).

The typical work day is six hours long, with a one hour lunch break. *See* Affidavit of Rosie Gradney (R. Doc. 93-7, p. 1-4). The plaintiff smoked and drank coffee for a majority of the day. *See* Affidavit of Montria Allen (R. Doc. 94-1, p. 1-2).

As such, the work the plaintiff was assigned to perform was not cruel and unusual *per se*; therefore, only if the defendants knew it would significantly aggravate the plaintiff's serious medical ailment did they act in violation of the Eighth Amendment. The summary judgment evidence submitted by the plaintiff may, at best, establish negligence on the part of some of the defendants, but the record fails to establish deliberate indifference on the part of any defendant.

A factual dispute exists as to whether the plaintiff advised defendant Gradney, upon presenting to the garment factory for work, that working at the garment factory would violate his duty status; nevertheless, the record is devoid of any complaints by the plaintiff that would show that the defendants knew operating a sewing machine in the garment factory would exacerbate the plaintiff's left shoulder pain and disregarded the risk. Despite the plaintiff's assertion in his Opposition that unspecified records or exhibits "reflect otherwise," prior to the plaintiff filing an ARP after his finger was injured in October of 2013, the record is devoid of any complaints by the plaintiff, to any defendant, regarding an exacerbation of his left shoulder pain due to his job assignment.

The plaintiff's medical records are likewise devoid of any such complaints, and also do not substantiate his allegation that working in the garment factory worsened his shoulder pain. Rather, the plaintiff's medical records show that the plaintiff began complaining of pain in his left shoulder as early as May of 2011. *See* R. Doc. 70-2, p. 55. The plaintiff related his shoulder pain to a motor vehicle accident which occurred in 2009. *See* R. Doc. 70-2, p. 13. The plaintiff continued to complain of shoulder pain in 2012 and throughout 2013. During the time the plaintiff worked in the garment factory, his complaints of left shoulder pain remained the same until he began complaining of pain radiating to his neck on October 3, 2013. *See* R. Doc. 70-3, p. 33. The plaintiff did not relate the pain in his neck to his work in the garment factory. The

plaintiff's only medical complaint regarding his work in the garment factory was shortness of breath, which he attributed to dust and fumes in the garment factory.  *See* R. Doc. 70-3, p. 43; 47.  The plaintiff's medical records do not reflect any complaints of shoulder or neck pain related to his work in the garment factory.  Ultimately, after an MRI of the plaintiff's cervical spine in May of 2014, it was determined that the pain in the plaintiff's neck and shoulder was likely the result of damaged discs in the plaintiff's neck and was not due to any injury to the plaintiff's shoulder.  *See* R. Doc. 70-2, p. 90; 92-93.  Accordingly, the plaintiff's Eighth Amendment deliberate indifference claim is unsupported by the record.  *See Phillips v. Stalder,* 100 Fed. Appx. 315 (5th Cir. 2004) (*citing Jackson v. Cain*, 864 F.2d 1235, 1246-47 (5th Cir.1989), and finding that the plaintiff's duty status claims failed because the plaintiff failed to present any evidence that his work assignments significantly aggravated any serious physical ailment).

      The plaintiff has not presented any competent evidence to contravene the material facts stated in the defendants' motion, much less evidence sufficient to meet his burden of proof, and to rebut the defendants' assertion of qualified immunity.  A verified complaint may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56 of the Federal Rules of Civil Procedure.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). 28 U.S.C. § 1746 provides for verification of an unsworn complaint when a plaintiff declares under penalty of perjury that the factual allegations contained therein are true and correct.[4]  When a complaint is so verified, the plaintiff faces the

---

[4] 28 U.S.C. § 1746 provides, "Wherever, … under any rule, … made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the … affidavit, in writing of the person making the same …, such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
**(1)** … "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."

possibility of criminal prosecution for perjury if it is shown that he willfully or knowingly made material representations. *See* 28 U.S.C. §§ 1621, 1623. In turn, when a complaint is executed in the form prescribed by 28 U.S.C. § 1746, the factual allegations of the plaintiff's complaint are transformed from "mere allegations" to "specific facts" as if set forth in an affidavit. *See Searcy v. Cooper*, 2002 WL 535058, *3 (N.D. TX 2009).

The plaintiff's amended Complaint (R. Doc. 61) does not contain the statements required by 28 U.S.C. § 1746 which would allow the Court to consider the amended Complaint as competent summary judgment evidence.[5]

Even if the plaintiff's original Complaint was not superseded, the plaintiff's original Complaint contains a "Declaration of Verification" which declares that the facts stated in his Complaint are true to the best of his knowledge and belief, but does not state that such declaration is made under penalty of perjury. Moreover, the "Declaration of Verification" is not signed by the plaintiff. As such, the original Complaint also fails to meet the requirements of 28 U.S.C. § 1746, and is not competent summary judgment evidence.

The plaintiff has submitted the affidavits[6] of inmates Miller, Rogers, and Judice but the affidavits fail to set forth any information specific to the plaintiff, other than the affidavit of inmate Judice which is partially based on inadmissible hearsay statements. The affidavit[7] of Cecil Whittington (R. Doc. 97, p. 5) sets forth specific information as to the plaintiff which, at best may demonstrate negligence on the part of defendant Gradney, but not deliberate

---

[5] The Amended Complaint (R. Doc. 61) does not specifically refer to and adopt by reference the original Complaint (R. Doc. 1). The amended Complaint, therefore, is the operative pleading in this matter. See *King, supra*, (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) and noting, "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

[6] These documents are unsworn affidavits which meet the criteria for an unsworn declaration as set forth in 28 U.S.C. § 1746, and are therefore competent summary judgment evidence.

[7] This document is an unsworn affidavit which meets the criteria for an unsworn declaration as set forth in 28 U.S.C. § 1746, and is therefore competent summary judgment evidence.

indifference. Based upon the foregoing and upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.[8]

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 93) be granted as to defendant Knox, and that the plaintiff's claims against defendant Knox be dismissed without prejudice due to the failure of the plaintiff to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. It is further recommended that the defendants' Motion for Summary Judgment be granted as to defendants Gradney, Tillman, Barrere, Allen, Hinyard, and Johnson, that the plaintiff's Eighth Amendment claim of deliberate indifference be dismissed with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on February 23, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[8] As to defendant Betty Johnson, the Court also notes that in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff alleges that defendant Johnson was a member of the Reclassification Board; however, the summary judgment evidence establishes that defendant Johnson was not a member of the Reclassification Board that assigned the plaintiff to work in the garment factory. *See* R. Doc. 937-7, p. 5-6. Accordingly, defendant Johnson is also entitled to summary judgment due to the failure of the plaintiff to establish sufficient personal involvement on the part of defendant Johnson.